SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

1:07-M-106M

UNITED STATES OF AMERICA

FILED
OCT 26 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

v.

CURTIS MOORE
a/k/a Cutts

WARRANT OF ARREST

CASE NUMBER: 07-cr-95-P-H

TO: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest CURTIS MOORE and bring him or her forthwith to the nearest magistrate to answer an Indictment charging him or her with:

Count One: Conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of Title 21 United States Code, Section(s) 846, 841(a)(1) and Title 18 United States Code, Section 2.

Scanned by: ___
Folder Location: Thurs
File Name: 92 07cr95w
Names of Attachments, if any: ___

Susan M. Durst
Name of Issuing Officer

Deputy Clerk
Title of Issuing Officer

Signature of Issuing Officer

October 18, 2007 at Portland, ME
Date and Location

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

SCANNED

SECRET

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED
2007 OCT 17 P 3:31
BY
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

[redacted]
CURTIS MOORE, a/k/a Cutts,
[redacted]

Crim. No. 07-
07-cr-95-P-S
1:07-M-106M

# INDICTMENT

The Grand Jury charges that:

COUNT I

Beginning on a date unknown but no later than early 2006, and continuing up to and including February 2007, in the District of Maine, the District of Connecticut, and elsewhere, Defendants

[redacted]
CURTIS MOORE, a/k/a Cutts,
[redacted]

Scanned by:
Folder Location:
File Name:
Names of Attachments, if any:

knowingly and intentionally conspired with one another and with others known and unknown to commit offenses against the United States, that is, to distribute and possess with intent to distribute controlled substances, including a mixture or substance containing cocaine, a Schedule

II controlled substance listed in Title 21, United States Code, Section 812, and 50 grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A) apply to the conduct described herein.

COUNT II

On about June 09, 2006, in the District of Maine, Defendant

[redacted]

knowingly and intentionally distributed a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

COUNT III

On about October 12, 2006, in the District of Maine, Defendant

[redacted]

knowingly and intentionally possessed with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, all in violation of Title 21,

United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B) apply to the conduct described herein.

COUNT IV

On about January 28, 2007, in the District of Maine, Defendant

[redacted]

knowingly and intentionally distributed a mixture or substance containing cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

COUNT V

On about January 28, 2007, in the District of Maine, Defendant

[redacted]

knowingly and intentionally distributed 5 grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, all in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B) apply to the conduct described herein.

COUNT VI

On about February 04, 2007, in the District of Maine, Defendant

[redacted]

knowingly and intentionally distributed 5 grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II controlled substance as listed in Title 21, United States Code, Section 812, all in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B) apply to the conduct described herein.

A TRUE BILL.

Foreperson

Assistant United States Attorney
Dated: 10/17/2007

SCANNED

1:07-M-106M

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. )
) Crim. No. 07-95 P-S-S
SAMANTHA LAMADELEINE et. al. )
)

**MOTION FOR LIMITED UNSEALING OF REDACTED INDICTMENT**

NOW COMES the United States of America and hereby moves for an order permitting the limited unsealing of the Indictment in the above-captioned case for the reasons stated below.

1. On October 17, 2007, the Grand Jury returned a secret Indictment charging nine Defendants. The Indictment has six counts. Not all Defendants are charged in every count.

2. Due to the large number of Defendants, all the Defendants will not be arrested at the same time.

3. To minimize the risk of flight of the Defendants who are not arrested initially, and to preserve the safety of the officers effectuating the later arrests, the Government moves the Court to allow the Government to unseal and produce redacted copies of the Indictment to each of the Defendants. Each copy of the Indictment will be redacted so that only that particular Defendant's name and the charges against that particular Defendant will be disclosed to that Defendant prior to the initial appearance. Utilizing this approach allows the individual Defendants to be notified of the charges pending against him/her, while preserving the secrecy of the other charges against other Defendants until every Defendant is arrested.

4. The Government anticipates that all of the Defendants will be arrested within a few days to a week of each other; and the Government will seek to unseal the unredacted Indictment at that time.

10/18/07 Granted as proposed. Rosen M Cohen 118 md

Scanned By: bfm
Folder Location: Fel
File Name: 2:07cr95
Names of Attachments if any:

Accordingly, the Government moves this Court to issue an order permitting the limited unsealing of the Indictment, redacted according to the process outlined above in paragraph three. The Government further requests that this motion and any resulting docket entries be sealed pending further order of the Court.

Dated: October 18, 2007

Respectfully submitted:

PAULA D. SILSBY
United States Attorney

Renée M. Bunker
Renée M. Bunker
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Limited Unsealing was hand filed with the Court on October 18, 2007.

Nancy Evans
Nancy Evans
Paralegal Specialist